Per curiam.

Action in ejectment; complaint in the ordinary form. The answer consists of a general denial, and a plea of the seven year statute of limitations pertaining to vácant and unoccupied lands. The replication consists of specific denials. Judgment went for appellee Howell, who was plaintiff below. The record in this case is similar to, if not precisely like, that in Empire Ranch and Cattle Company v. Howell, our number 3477. Plaintiff’s title rested upon trustee’s deeds emanating from the foreclosure, in some instances, of first, and in others, of second trust deeds, there being some five tracts of land involved in the action. Plaintiff’s title was sufficient to maintain the action. To support its title the defendant corporation introduced an original and a correction tax deed, both based on the same tax certificate. This tax certificate was originally issued to the county and by the county clerk assigned more than three years after the date thereof. This fact appears on the face of the original tax deed introduced by the defendant, and is not negatived by the correction tax deed. The tax deeds also show on their face that the land in question was bid in by the county on the first day it was offered for sale. For these reasons the tax deeds were void on their face. Neither of them had been of record for seven years, *398 therefore, they were properly excluded by the trial court and the judgment must be affirmed. Affirmed.
Decided November 11, A. D. 1912.
Rehearing denied December 16, A. D. 1912.